JOURNAL ENTRY AND OPINION
Appellant Executor Michael R. Kostelnik on behalf of the Estate of his wife, Jacqueline M. Kostelnik, appeals the judgment of the trial court denying his motion to reduce the settlement agreement with appellee Meridia Hillcrest Hospital and Stephan D. Helper, M.D.[1], to judgment, jointly and severally. Kostelnik assigns the following two errors for our review:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO DETERMINE APPELLANT'S MOTION TO REDUCE THE SETTLEMENT OF SEPTEMBER 29, 1997, TO JUDGMENT AGAINST APPELLEES, JOINTLY AND SEVERALLY, IN THE SUM OF ONE MILLION TWO HUNDRED THOUSAND DOLLARS ($1,200,000.00).
 II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO FIND THAT APPELLEES JOINTLY OFFERED THE SUM OF $1.2 MILLION IN SETTLEMENT, THEREBY RENDERING APPELLEES JOINTLY AND SEVERALLY LIABLE TO APPELLANT WITH RESPECT TO THE ENTIRE $1.2 MILLION SETTLEMENT.
In its cross appeal, appellee-cross appellant Meridia Hillcrest Hospital challenges the trial court's judgment denying its motion to enforce the settlement according to the terms of the agreement. Hillcrest Hospital assigns the following error for our review:
 I. WHETHER THE TRIAL COURT INCORRECTLY FAILED TO ENFORCE THE SETTLEMENT AGREEMENT AND ENTER JUDGMENT IN FAVOR OF PLAINTIFF AND AGAINST HILLCREST HOSPITAL IN THE AMOUNT OF ONE HUNDRED THOUSAND DOLLARS ($100,000.00).
Having reviewed the record and the legal arguments of the parties, we affirm the trial court's judgment as to both parties. The apposite facts follow.
On June 9, 1995, appellant-cross appellee Michael R. Kostelnik, Jr., as executor of the estate of Jacqueline M. Kostelnik, filed an action for wrongful death against Stephen Helper M.D., and Meridia Hillcrest Hospital. Kostelnik's complaint alleged that his wife was admitted to Hillcrest Hospital under the care of Dr. Helper for the purpose of lumbar disc surgery; and that Dr. Helper performed the surgery at Hillcrest with the assistance of Hillcrest's medical and surgical employees. The complaint alleged his wife's death occurred as a direct and proximate result of negligence on the part of Dr. Helper and Hillcrest Hospital and their employees. Kostelnik demanded a judgment against Dr. Helper and Hillcrest, jointly and severally, in an amount greater than $25,000.
In December 1995, Kostelnik offered to settle all claims in the case against Dr. Helper and Hillcrest for $4.75 Million Dollars. However, the parties were unable to reach settlement at that time and the case proceeded for trial. The court set the trial date for September 29, 1997.
On the day of trial, in the presence of the trial judge, the parties agreed to settle the case for $1.2 million. Dr. Helper agreed to pay Kostelnik one million one hundred thousand dollars in settlement of his claims. Hillcrest agreed to pay Kostelnik one hundred thousand dollars in settlement of his claims. Based on the settlement agreement, the trial court entered an order indicating the parties settled the case. The order required Hillcrest and Dr. Helper to pay costs and dismissed the case with prejudice.
The day after the parties reached their settlement agreement, Hillcrest's counsel sent counsel for Kostelnik a letter confirming settlement of the case. Hillcrest's letter contained the following statements:
 This will formally confirm the agreement reached in chambers of Judge Robert Lawther on the morning of September 29, that the within litigation is now settled by agreement of counsel in the sum of $1,200,000. As I am sure you are aware the breakdown of this settlement is $1,100,000 which will be paid by pie on behalf of Dr. Stephan Helper and Hillcrest will contribute $100,000.
Additionally, the letter contained a release for Kostelnik to execute and a promise to tender Hillcrest's check for $100,000 upon return of the signed release to Hillcrest.
At the request of Kostelnik's counsel, Hillcrest tendered its check in the amount of $100,000. Kostelnik's counsel indicated the probate court required proof of payment in order to provide final approval of the settlement. On December 11, 1997, the Geauga County Probate Court approved the settlement. After obtaining the probate court's approval, Kostelnik executed the releases.
On December 15, 1997, the Franklin County Court of Common Pleas entered an order putting Dr. Helper's insurance carrier, PIE Mutual Insurance Company, in liquidation. The order stayed all actions or proceedings pending in any court in which PIE Insurance defended or was obligated to defend a party. As a result, Dr. Helper failed to tender his settlement payment of $1.1 million to Kostelnik.
On December 23, 1997, Kostelnik filed a motion for relief from judgment against Dr. Helper only. In the memorandum accompanying the motion Kostelnik stated:
 [A] settlement agreement was entered into by and among the parties, in which Settlement Agreement the Defendant, Stephen Helper, M.D., agreed to pay to Plaintiffs the sum of One Million One Hundred Thousand Dollars ($1,100,000). The fact, amount and terms of that settlement are known to the Court. The fact, amount and terms of that settlement are confirmed in the writings of counsel for Defendant Hillcrest Hospital on September 30, 1997 to counsel for Plaintiffs * * * and the fact of said settlement is further confirmed by the letter containing releases forwarded to Plaintiffs' counsel * * *.
Kostelnik added [t]here is no factual dispute concerning either the existence of, nor the terms of, the Settlement Agreement. Kostelnik assured the court [t]here are no allegations of fraud, duress or undue influence concerning the achievement of a settlement in this case. Additionally, Kostelnik emphasized [t]his motion is made to permit Plaintiffs to commence execution against this defendant. Counsel makes this motion relating solely to the Defendant Helper and requests no relief against any other Defendant in this action. The trial court stayed action on this motion based on the stay issued by the Franklin County Court with regard to Dr. Helper's insurance carrier.
On January 29, 1999, Kostelnik moved to return this case to the active docket. The trial court granted that motion. In May, Kostelnik withdrew his motion for relief from judgment and filed a motion to reduce the $1.2 million settlement agreement of September 29, 1997 to judgment against Dr. Helper and Hillcrest Hospital, jointly and severally. In response, Hillcrest Hospital filed a memorandum in opposition to joint and several judgment and requested the court enforce the settlement according to the previously undisputed terms of the agreement.
On July 27, 1999, the trial court held a hearing on the parties' motions to enforce the settlement agreement. Counsel for Kostelnik offered himself as a witness. All parties stipulated and agreed counsel's statements to the court be taken as though they were evidence as all counsel were officers of the court and obligated to tell the truth. Kostelnik's counsel testified he and his client made clear they would not settle individually. Kostelnik's counsel stated he agreed to a single settlement amount of $1.2 million. He admitted knowing Hillcrest agreed to pay $100,000 and that Dr. Helper, through his insurance carrier agreed to pay the remaining $1.1 million. However, he considered the breakdown of payment a separate contribution agreement between the defendants. Counsel for Dr. Helper and counsel for Hillcrest Hospital stated they negotiated individually on behalf of their respective clients based on the settlement authority given by their clients. They denied any intention on their part to be jointly or severally liable for the settlement amount. Counsel for Hillcrest Hospital maintained he possessed $100,000 in settlement authority at all points in the case; the figure represented his clients value of the case; and he would not have agreed to any settlement that exposed his client to liability in excess of $100,000.
In an order dated August 2, 1999, the trial court denied both motions to reduce the settlement agreement to judgment and set the case for trial. Both Kostelnik and Hillcrest Hospital appealed.
In this appeal, both Kostelnik and Hillcrest Hospital essentially argue the trial court erred in failing to enforce the September 30, 1997 settlement agreement. In his two assignments of error, Kostelnik argues the trial court erred in failing to reduce the settlement agreement to a joint and several judgment against Dr. Helper and Hillcrest Hospital. In its sole assignment of error, Hillcrest Hospital argues the trial court erred in failing to enforce the settlement against Hillcrest for $100,000, the amount agreed on by the parties. Because the parties' assignments of error have a similar basis in law and fact, we review them together.
We review a trial court's decision to grant or deny enforcement of a settlement agreement under an abuse of discretion standard. See Rulli v. Fan Co. (1997) 79 Ohio St.3d 374, 683 N.E.2d 337. The Ohio Supreme Court defines the abuse of discretion standard as follows:
 The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing * * * considerations. State v. Jenkins (1984), 15 Ohio St.3d 164, 222, 15 Ohio B. Rep. 311, 361, 473 N.E.2d 264, 313, quoting Spalding v. Spalding (1959), 355 Mich. 382, 384-385, 94 N.W.2d 810, 811-812. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias.
Nakoff v. Fairview General Hospital (1996), 75 Ohio St.3d 254, 256-257,662 N.E.2d 1, 3. In the instant case, we must determine whether the trial court abused its discretion in refusing to enforce the settlement agreement between Kostelnik and Hillcrest Hospital.
Both Kostelnik and Hillcrest Hospital argue they entered into a valid and enforceable settlement agreement. The result of a valid settlement agreement is a contract between parties. Continental W. Condo. Unit Assn. v. Howard E. Ferguson, Inc. (1996) 74 Ohio St.3d 501, 502,660 N.E.2d 431, 432; Noroski v. Fallet (1982), 2 Ohio St.3d 77,442 N.E.2d 1302, 1304. To constitute a valid settlement agreement, the terms of the agreement must be reasonably certain and clear. Rulli.
In the instant case, the terms of the settlement agreement were clear and unambiguous. In consideration for Kostelnik dismissing his claims and giving Hillcrest Hospital a release from all claims, Hillcrest agreed to pay Kostelnik $100,000. Likewise, Kostelnik agreed to accept $1.1 million from Dr. Helper's insurance carrier and in exchange provide Dr. Helper with release from all claims. Hillcrest memorialized this settlement in writing the day after the parties reached this agreement. Further, the undisputed evidence demonstrated Kostelnik's intent to bind the parties to these terms based on his execution of a release of all claims for Hillcrest after Hillcrest tendered its settlement payment of $100,000.
Kostelnik admits settlement terms called for Hillcrest to tender $100,000. However, Kostelnik argues that the total settlement amount of $1.2 million dollars should be enforceable against Hillcrest. Kostelnik asserts his complaint requested joint and several judgment against Dr. Helper and Hillcrest, and thus, Hillcrest should be liable for the full settlement amount. We disagree.
A settlement agreement constitutes a contract. The terms of contract are independent from the pleadings in the case, unless specifically made part of the settlement. Here, the parties never agreed to joint and several liability. Therefore, we conclude the trial court properly denied Kostelnik's motion to enforce the settlement agreement jointly and severally. Accordingly, we overrule Kostelnik's first and second assignments of error.
Additionally, we overrule Hillcrest's assignment of error based on the overwhelming evidence presented by Kostelnik and Hillcrest because we conclude the parties failed to reach a meeting of the minds regarding the actual terms of the agreement. See Rulli. We also conclude the trial court did not abuse its discretion in failing to enforce the settlement agreement. Accordingly, we affirm the trial court's judgment denying Hillcrest Hospital's motion for enforcement of judgment.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
JOHN T. PATTON, J., CONCURS.
DIANE KARPINSKI, P.J., CONCURS IN JUDGMENT ONLY.
 _______________________________ PATRICIA ANN BLACKMON, JUDGE
[1] Dr. Helper is not a party to this appeal.