## SPALDING v. SPALDING.

1. DIVORCE—SUPPORT OF CHILDREN—DISCRETION OF COURT—MODIFICATION OF DECREE.

   Modification of decree of divorce to increase amount of weekly payments for support of minor child from $35 to $42.50 rather than to $50, as petitioned for by plaintiff mother, *held*, not to have constituted an abuse of discretion on the part of trial court.

2. APPEAL AND ERROR—DISCRETION OF COURT.

   An abuse of discretion by a court involves far more than a difference in judicial opinion between the trial and appellate courts, where the exercise of discretion turns upon a factual determination made by the trier of the facts, since the term "discretion" involves the idea of choice, of an exercise of the will, of a determination made between competing considerations.

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation § 861.
[2, 3] 3 Am Jur, Appeal and Error § 959.

3. SAME—ABUSE OF DISCRETION.

An abuse of discretion by a trial court in making a determination of fact, requires the reviewing court to find that the result is so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason, but rather of passion or bias.

Appeal from Midland; Holbrook (Donald E.), J. Submitted January 9, 1959. (Docket No. 41, Calendar No. 47,668.) Decided February 19, 1959.

Bill by Lucie D. Spalding against Donald A. Spalding resulted in decree of divorce. On petition by plaintiff for increase in support money for child, partial relief granted. Plaintiff appeals. Affirmed

*Joseph A. Gillis* (*Paul B. Mayrand,* of counsel), for plaintiff.

*James R. Rood,* for defendant.

SMITH, J. The appellant before us urges that the trial chancellor abused his discretion in granting only one-half of a petitioned increase in funds for child support.

Appellant and her husband were divorced in the year 1952. The decree provided that the husband pay for the support and maintenance of their minor child the sum of $15 per week, plus necessary medical expenses, and to provide all necessary clothing. By amendments dated April 15, 1952, April 13, 1953, and June 25, 1954, the support and maintenance provisions were modified, the last amendment requiring the payment of $35 per week, plus extraordinary medical, hospital, or dental expenses, requiring hospitalization.

On December 5, 1957, appellant petitioned for further increases, "to the sum of $50 per week" plus extraordinary medical expenses. After the taking

of testimony the trial chancellor increased the weekly allowance to $42.50. Petitioner before us asserts that failure to grant the full increase was an abuse of discretion.

We need not review in detail the testimony offered. It shows, generally, rising prices for the child's support, a working mother, and a father enjoying a substantial salary. We cannot say, upon this record, that the trial chancellor abused his discretion in acting as he did. As a matter of fact the history of amendments, *supra,* shows the courts to have been far from insensitive to the needs of the child.

We have held repeatedly, and we again hold, that we will not interfere with the discretion of the trial chancellor in these cases unless a clear abuse thereof is manifest in the result reached below. The kind of determination before us requires a weighing of human and economic factors of the utmost complexity, a weighing that can best be accomplished at the local level, not in these chambers. In view of the frequency with which cases are reaching this Court assailing the exercise of a trial court's discretion as an abuse thereof, we deem it pertinent to make certain observations with respect thereto in the interests of saving expense to the litigants and avoiding delay in reaching final adjudication on the merits. Where, as here, the exercise of discretion turns upon a factual determination made by the trier of the facts, an abuse of discretion involves far more than a difference in judicial opinion between the trial and appellate courts. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will

but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. So tested, we perceive no error in the proceedings below nor in the determination made.

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.