KALAMAZOO MUNICIPAL UTILITIES ASSOCIATION *v.*
INGHAM CIRCUIT JUDGE.

CONSUMERS POWER COMPANY *v.* PUBLIC
SERVICE COMMISSION.

1. PUBLIC SERVICE COMMISSIONS—REVIEW OF RATE ORDERS—PUBLIC UTILITIES—INTERVENTION.

   A party dissatisfied with an order of the public service commission in a proceeding involving rates to be charged by a public utility may review such order by chancery suit in the Ingham circuit court against the commission as a defendant, participation by other interested parties being limited to the grant of leave to intervene in the discretion of the trial court (CLS 1956, § 462.26).

2. SAME—INTERVENTION ON REVIEW—DISCRETION OF COURT.

   Trial court's denial to unincorporated association of consumers of electric power of leave to intervene in suit by public utility company against public service commission to review order as to rates to be charged consumers of electric power *held,* not reviewable, where there is no showing of an abuse of the discretion lodged by statute in the trial court, notwithstanding plaintiff had been permitted to participate in the proceeding before the commission (CLS 1956, § 462.26).

3. COSTS—STATUTES—PUBLIC UTILITIES—INTERVENTION IN REVIEW OF COMMISSION'S ORDERS.

   No costs are allowed in certiorari to review denial of leave to intervene in chancery suit to review order of public service commission, a statutory question being involved (CLS 1956, § 462.26).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 43 Am Jur. Public Utilities and Services § 224 *et seq.*
[2] 43 Am Jur, Public Utilities and Services § 230.

Appeal from Ingham; Salmon (Marvin J.), J. Submitted January 11, 1962. (Docket No. 75, Calendar No. 48,806.) Decided September 10, 1962.

In a chancery action by Consumers Power Company to vacate and set aside an order of the Michigan Public Service Commission, the Kalamazoo Municipal Utilities Association, an unincorporated association, filed petition for leave to intervene, which was denied. Following proceedings instituted in mandamus against Marvin J. Salmon, Ingham County Circuit Judge, the Kalamazoo Utilities Association was granted leave to appeal in the nature of certiorari. Denial of leave to intervene affirmed.

*Edward J. Ryan,* for plaintiff Kalamazoo Municipal Utilities Association in certiorari for intervention.

*Don T. McKone, Maxwell F. Badgley* and *Harold P. Graves,* for plaintiff Consumers Power Company in chancery proceedings.

PER CURIAM. On application to this Court, leave to appeal was granted appellant from an order denying its petition for leave to intervene in proceedings in the Ingham county circuit court, in chancery, between Consumers Power Company and the public service commission. The circuit court proceedings were commenced pursuant to the provisions of CLS 1956, § 462.26 (Stat Ann 1961 Cum Supp § 22.45), the statutory procedure provided for review of the commission's actions.

The commission's order which is the subject matter of the statutory appeal in the trial court below requires Consumers Power Company to charge a very substantial portion of its cost of acquiring the municipal electric plant of the city of Kalamazoo

against its stockholders' equity instead of permitting it to be treated as an operating expense recoverable in the future by increased rates to be charged its customers.

Appellant, an unincorporated association of electric power consumers and ratepayers in the city of Kalamazoo, had been granted the right by the commission to participate, and it did participate, in the proceedings before the commission which resulted in the order from which the statutory appeal to circuit court was taken by Consumers Power Company. When the association sought leave to intervene in the circuit court, the circuit judge denied it the right to do so. It is his denial of the right to intervene in the statutory appeal proceedings in the circuit court which is sought to be reviewed here.

Appellant, in effect, asserts an absolute right to intervene in the statutory appeal proceedings in the circuit court. It bases this claimed right on the fact that it was allowed by the public service commission to participate in the administrative proceedings before the commission and should, therefore, be allowed to participate in the judicial review of those proceedings. It also claims that, as an association of consumers of electric power, it is a "party in interest," within the meaning of the above-cited statute and, as such, itself could have invoked the statutory appeal procedures had it been dissatisfied with the commission's order and, therefore, has the right to participate in such appellate procedures when invoked by another party.

CLS 1956, § 462.26 (Stat Ann 1961 Cum Supp § 22.45), sets forth the procedure by which appeals may be taken from orders of the public service commission. It provides that the party dissatisfied with any such order commence suit in chancery in Ingham circuit against the commission as defendant and that the commission be served with a subpoena and a copy

of the complaint. It specifically also provides for participation by other interested parties in the following language: "on leave of court any interested party may file an answer to said complaint." Nothing in the statute accords an absolute right to participate except to the dissatisfied party in interest who institutes suit and to the commission. Any other "interested party" may be accorded the right to participate, but only upon exercise of the chancellor's discretion by grant of leave therefor.

Denial of such leave, like other discretionary judicial actions, is reviewable by this Court only upon a showing of abuse of such judicial discretion. *Spalding* v. *Spalding*, 355 Mich 382, 384, 385. No such showing having been made by appellant, we cannot grant the relief it requests. Affirmed. No costs, a statutory question being involved.

CARR, C. J., and DETHMERS, KELLY, BLACK, and SOURIS, JJ. concurred.

KAVANAGH, J., concurred in result.

OTIS M. SMITH and ADAMS, JJ., did not sit.