Bandstra, C.J.
(concurring in part and dissenting in parí). I disagree with the majority that the trial court’s decision not to grant defendant a new trial on the basis of the evidence it considered was an abuse of discretion. However, I agree with the majority that the trial court should have included within its determination defendant’s argument regarding the alleged bad-faith destruction of dna evidence that might have exculpated him. Accordingly, I would remand this case to the trial court for consideration of that issue *160 and, if sufficient evidence of bad faith is presented, a redetermination of the motion for a new trial.
As the majority opinion amply demonstrates, defendant produced newly discovered evidence that was not merely cumulative and that could not have been produced with reasonable diligence at the 1985 trial. Accordingly, the only question at issue here is whether that evidence was “such as to render a different result probable on retrial . . . .” People v Lester, 232 Mich App 262, 271; 591 NW2d 267 (1998). The majority correctly states that we may reverse the trial court’s ruling on a motion for a new trial (or for relief from judgment) only if there has been an abuse of discretion. People v Ulman, 244 Mich App 500, 508; 625 NW2d 429 (2001); People v Jones, 236 Mich App 396, 404; 600 NW2d 652 (1999). The question thus before us is whether the trial court abused its discretion in determining that the new evidence was not sufficient to render an acquittal of defendant probable on retrial.
Initially, the trial court decided that the new evidence did suffice in meeting that standard but, after our Court declined to grant an application for leave to appeal that decision, the trial court heard further information regarding the new evidence and reversed its decision. Admittedly, had the trial court maintained its original position and granted defendant a new trial following receipt of the new information, there would have been no abuse of discretion. As the majority opinion shows, the record here would support the conclusion that a new trial was warranted.
That is not to say, however, that the record does not support the contrary result that was, in fact, reached by the trial court here. This was, in other *161 words, a “close call” and one ordinarily left to the trial court. The abuse of discretion standard we must employ on appeal is highly deferential, requiring affirmance unless the trial court’s decision here was “ ‘so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.’ ” People v Babcock, 244 Mich App 64, 76; 624 NW2d 479 (2000), quoting Spalding v Spalding, 355 Mich 382, 384-385; 94 NW2d 810 (1959). Great deference is especially warranted when the lower court’s decision is based on the credibility of witnesses. People v Canter, 197 Mich App 550, 560; 496 NW2d 336 (1992).
Applying these standards here, we should not reverse the trial court’s determination that the new evidence, presented to a new jury, would probably not result in an acquittal for defendant at a new trial. The trial court’s decision here was largely based on an assessment of witness credibility. The trial court apparently determined that, notwithstanding the impeccable credentials of all the experts, the medical testimony that was inconsistent with Ronning’s account of how he killed the victim was more believable than the medical testimony that was not inconsistent with his account. The trial court reviewed Ronning’s videotaped confession to the murder of the victim along with the testimony of four witnesses who stated that Ronning told them that his confession was false, as well as Ronning’s explanation of why that disavowal was itself false. The trial court determined that Ronning was not believable, especially in light of the discrepancies between his *162 description of the place where the crime occurred and the actual facts. The trial court assessed the credibility of recantations made by three witnesses who testified against defendant at trial and, while considering the recantations to be significant, concluded that they alone would not warrant a new trial. This is not surprising, especially in light of the trial testimony of four nonrecanting witnesses who recalled how defendant had admitted in graphic terms how he raped and killed the victim. Finally, unlike the majority, I see no mistake of law or other impropriety with the way the trial court analyzed the new evidence that it considered.[1] I do not conclude that it was an abuse of discretion to deny defendant a new trial on the basis of that evidence.
Nonetheless, I agree with the majority that the trial court erred in failing to consider defendant’s argument regarding the alleged bad-faith destruction of DNA evidence as part of the motion for a new trial determination. I would remand this matter to the trial court for further factfinding regarding whether there was bad faith. If sufficient evidence is submitted by *163 which a factfinder could conclude that there was bad faith,[2] a powerful argument that this new evidence would render a different result probable on retrial would be presented. As the majority correctly notes, the appropriate remedy would be an instruction that, upon a finding of bad faith, the jury should infer that the destroyed dna evidence would have been favorable to defendant, had it been preserved. If the trial court determines that the jury at a new trial would be so instructed, the analysis regarding whether a new trial is warranted would likely be greatly affected.
I would remand for further proceedings consistent with this opinion.

 For example, the majority criticizes the trial judge for concluding that the medical testimony “precluded” the possibility that Ronning’s description of the killing was true. However, the trial court’s conclusion was that the expert testimony “rebut[s] Mr. Ronning’s version of the manner of Ms. Rosansky’s death.” Thus, the trial court was merely, and appropriately, weighing Ronning’s credibility by examining its consistency with other information and expert opinion. The majority’s conclusion that the trial court improperly failed to base its decision on Ronning’s polygraph results seems contrary to the rule the majority itself recognizes, that discretion is afforded trial courts in this regard. Whether Mullen’s belief that Ronning killed the victim was based on newly discovered facts or not seems inconsequential; the trial court’s main concern was that Mullen’s opinion about Ronning’s guilt was definitely a minority viewpoint among the investigating authorities involved, a fact that a jury at a new trial would no doubt find similarly probative.

 The majority concludes that sufficient evidence has already been submitted. However, further factfinding is warranted to allow the prosecutor to respond to defendant’s allegations of bad faith; that opportunity has so far been denied as a result of the decision not to consider the dna issue as part of the motion for a new trial determination.