JOURNAL ENTRY AND OPINION
{¶ 1} Giovanni Saddler appeals from the decision of the common pleas court, criminal division, denying his motion for a new trial. Upon our review of the arguments presented and for the reasons set forth below, we affirm.
 {¶ 2} On February 29, 1996, the appellant, then 17 years of age, was bound over from the juvenile court division to be prosecuted as an adult for aggravated murder, aggravated robbery and felonious assault. On April 19, 1996, he was indicted on the above charges, each of which carried a firearm specification. A jury trial commenced on September 13, 1996, and on September 20, 1996, the jury returned its verdict, finding appellant guilty of aggravated murder, aggravated robbery and felonious assault, each carrying a firearm specification. He was sentenced to 20 years to life for aggravated murder, 10-25 years for aggravated robbery, and 8-15 years from felonious assault, all of which were to be served consecutively.
 {¶ 3} The appellant appealed his conviction, which was affirmed by this court on April, 16, 1998 in State v. Saddler, (Apr. 16, 1998), Cuyahoga App. No. 71747. On April 26, 2004, the appellant filed a motion for leave to file a delayed motion for new trial. This motion was denied by the trial court on May 5, 2004. On October 12, 2004, the appellant filed a motion for a new trial, which was denied by the trial court on October 20, 2004. On November 17, 2004, the appellant filed a notice of appeal of the trial court's denial of his motion for a new trial. This court ordered that the appellant's brief be stricken and that a complying brief be filed by March 31, 2004. On April 11, 2004, the appeal was dismissed due to appellant's failure to file a conforming brief; however, on May 18, 2005, the appellant's appeal was reinstated.
 {¶ 4} The appellant bases this appeal upon the affidavit of his codefendant, Leonard Gaines, in which Gaines states that he gave perjured testimony at trial that implicated the appellant in a crime that the appellant did not commit. In his affidavit, Gaines cites prosecutorial threats against him of a life sentence and other forms of intimidation as the motive behind his false testimony.
 {¶ 5} Appellant now presents this appeal asserting one assignment of error for our review:
 {¶ 6} "I. THE TRIAL COURT ERRED IN NOT HOLDING AND [SIC] EVIDENTIARY HEARING ON THE MOTION FOR NEW TRIAL WHERE THE AFFIDAVIT OF CO-DEFENDANT LEONARD GAINES INDICATED THE PROSECUTOR WAS PERSONALLY INVOLVED IN THE INTIMIDATION OF GAINES INTO TESTIFYING FALSELY AGAINST SADDLER AT HIS MURDER TRIAL, CONTRA SADDLER'S RIGHT TO DUE PROCESS SECURED BY THEFOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
 {¶ 7} An appellant may only be granted a new trial on the basis of perjured testimony where there is a showing that the trial court abused its discretion in denying the appellant's motion for a new trial. This court held in State v. Saban:
 {¶ 8} "Where a new trial is sought upon the ground that a witness subsequently stated that he gave perjured testimony, the question is, when did the witness tell the truth? Recantation by an important witness of his or her testimony at the trial does not necessarily, or as a matter of law, entitle the defendant to a new trial. The determination of such matters rests in the sound discretion of the trial court, whose actions will not be set aside except for clear and manifest abuse." State v.Saban (Mar. 18, 1999), Cuyahoga App. No. 73647.
 {¶ 9} In order for an appellant to sustain an argument on the basis of abuse of discretion, the lower court's ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 50 OBR 481, 450 N.E.2d 1140. "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." Statev. Jenkins (1984), 15 Ohio St.3d 164, 222, quoting Spalding v. Spalding
(1959), 355 Mich. 382, 384-385. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Id.
 {¶ 10} Here, the appellant argues that the trial court abused its discretion when it denied his motion for a new trial. He asserts that the trial court erred in considering the affidavit filed by his codefendant, Gaines, that stated that the appellant was not guilty of the crimes for which he was convicted. The appellant also asserts that his argument is strengthened by the fact that Gaines was the state's key witness against him, and his conviction would not have stood absent Gaines' testimony. We do not agree with the appellant's contentions.
 {¶ 11} Gaines was not the only individual who witnessed the crimes committed by the appellant. At trial, Toneitha Lamar testified that she personally witnessed the appellant in the commission of the crimes and also identified his photograph in a photo identification. In his first appeal to this court, the appellant challenged Lamar's photo identification as unreliable and suggestive; however, this court found that Lamar's identification was "sufficiently reliable and admissible." Police officers presented Lamar with an array of photographs depicting men of the same race and age group. After reviewing the photographs carefully, Lamar identified the photo of the appellant as the individual she witnessed committing the crimes. Later, at trial, Lamar's identification was admitted and supported by her testimony that the crime scene was well lit, giving her the ability to see the appellant's face.
 {¶ 12} Although Gaines has now recanted his testimony implicating the appellant, the testimony of Lamar still stands. This court held that Lamar's identification was admissible. The trial court, in evaluating the appellant's motion for a new trial, had an opportunity to fully review the record and found that Gaines' affidavit did not warrant a new trial. The trial court's decision was not an abuse of discretion. The appellant's conviction rested not only upon Gaines' testimony, but also upon the testimony of Lamar. Lamar had the ability to see the appellant's face and later identified him in a photo identification. Gaines' affidavit is further weakened by the fact that he fails to implicate any other individual besides the appellant in the commission of the crimes, yet maintains personal knowledge of the appellant's innocence.
 {¶ 13} Accordingly, we find that, in light of the facts, the trial court's denial of the appellant's motion for new trial was neither unreasonable, unconscionable nor arbitrary. Thus, the appellant's assignment of error is without merit.
Judgement affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Calabrese, Jr., J., concur.