JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, David Corrado, appeals the trial court's decision denying his motion to revive judgment. After a thorough review of the arguments and for the reasons set forth below, we find merit in the appellant's arguments and reverse and remand.
 {¶ 2} On January 3, 1994, Robert Anderson ("Anderson") and his corporation, Anderco, Inc., filed a civil complaint against Alan Durst ("Durst") and two other defendants, Frederick Noethlich and Direction Ventures, Inc. The complaint sought damages related to a contract between the parties. Corrado represented Anderson and his corporation during the litigation. After the complaint was filed, the parties entered into a settlement agreement, and a stipulated judgment entry arising from that agreement was filed with the trial court on July 28, 1994.
 {¶ 3} On June 17, 2005, Corrado filed a motion to revive his one-third interest in the settlement amount, as stipulated in the judgment entry. In his motion, he argued that, pursuant to the terms of the stipulated judgment entry, he was an assignee of one-third of the settlement amount. Anderson and Durst each filed memorandum countering Corrado's motion; however, Corrado filed a reply reasserting his previous argument. On August 9, 2005, the trial court denied his motion to revive. He now brings this appeal asserting four assignments of error for our review.
 {¶ 4} "I. The trial court erred in denying appellant's motion to revive the judgment where the appellant is an express third-party beneficiary and a successor in interest."
 {¶ 5} The appellant argues that the trial court abused its discretion when it denied his motion to revive judgment because he is a third-party beneficiary and successor-in-interest to the settlement agreement, so he is entitled to receive payment pursuant to the agreement. To the contrary, the appellees argue that the trial court did not err when it denied the appellant's motion to revive because the language of the stipulated judgment entry clearly does not convey or assign any interest to the appellant. The appellees assert that the agreement merely authorizes the appellant to serve as an intermediary accepting payments from Durst on behalf of Anderson.
 {¶ 6} To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 50 OBR 481, 450 N.E.2d 1140.
 {¶ 7} "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." State v. Jenkins (1984),15 Ohio St.3d 164, 222, quoting Spalding v. Spalding (1959),355 Mich. 382, 3843-85. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Id.
 {¶ 8} The appellees assert that the language of the settlement agreement merely gives the appellant the ability to accept payments on Anderson's behalf, but does not assign any interest to him. We do not agree. The stipulated judgment entry consists of three main provisions: the first awards a judgment in favor of Anderson and against the defendants named in the original suit; the second outlines Anderson's covenant not to file suit against Durst contingent upon Durst making certain payments; and the third contains conditions regarding the consequences of default and the enforcement of the judgment. Although Anderson and Durst argue that the agreement only confers rights to Anderson, the provision which outlines the conditions of payment provides otherwise:
 {¶ 9} "Plaintiff Robert R. Anderson agrees that he shall not execute upon the within judgement as long as Defendant Alan T. Durst pays to Plaintiff Anderson the amount of $33,600.00, the payment of which is to be made as follows:
 {¶ 10} "(2) Each payment herein shall be made payable as follows: One third of each and every payment described in this Stipulated Judgment Entry is to be paid to the order of `David A. Corrado, Attorney' and shall be sent to the office of plaintiff's counsel, David A. Corrado, 668 Euclid Avenue, Suite 353, Cleveland, Ohio 44114 * * *"
 {¶ 11} The appellees argue that the words "paid to the order" do not create an interest because they designate the appellant as an intermediary between them and Anderson, rather than as an assignee. After review of the terms, we find no merit to this argument. The terms could serve no logical purpose but to assign a one-third interest to the appellant. There would be no need for the appellant to serve as an intermediary between Durst and Anderson to disburse funds. Logic and reason dictate that funds could easily be paid directly from Durst to Anderson without the use of an intermediary. The terms of the agreement specifically referred to the appellant because he was assigned a one-third interest, pursuant to the agreement. The appellant's name, title, the percentage he was due, and the method of payment were all stated in the agreement in order that he could receive his share of Anderson's judgment from Durst.
 {¶ 12} The language of the agreement clearly indicates that the appellant was an assignee to one-third of the settlement amount, and the trial court erred when it found to the contrary and denied the motion to revive. Accordingly, the trial court abused its discretion, and the appellant's first assignment of error is sustained.
 {¶ 13} "II. The trial court erred in denying appellant's motion to revive the judgment where the appellee's is [sic] estopped from challenging the underlying debt."
 {¶ 14} The appellant asserts that, in reliance upon the settlement agreement and stipulated judgment entry, he materially altered his position by terminating litigation pending against Durst. He invokes the principles of promissory estoppel in asserting his argument that, based upon his reasonable reliance, the appellees are estopped from challenging his motion to revive. The appellees argue that the appellant did not present evidence beyond the stipulated judgment entry to show that he was entitled to one-third of the agreed settlement amount. They assert that because the judgment entry does not assign an interest to the appellant, he cannot claim he changed his position in reliance on it.
 {¶ 15} We do not agree with the appellees' contention that they are not estopped from challenging the appellant's motion to revive. As previously stated in assignment of error I, the stipulated judgment entry assigned to the appellant a one-third interest in the settlement amount. The language of the entry cannot be interpreted to the contrary. Because the appellant entered into a valid agreement with the parties, he was entitled to act in reasonable reliance upon that agreement. The appellant's position is supported by the Ohio Supreme Court's Holding in Globe Indemnity Co. v. Wassman (1929),120 Ohio St. 72. In Wassman, the Ohio Supreme Court held:
 {¶ 16} "The doctrine of estoppel is applied with respect to representations of a party, to prevent their operating as a fraud upon one who has been led to rely upon them. They would have that effect, if a party who, by his statements as to matters of fact, or as to his intended abandonment of existing rights, has designedly induced another to change his conduct or alter his condition in reliance upon them, could be permitted to deny the truth of his statements, or enforce his rights against his declared intention of abandonment." Id. at 83.
 {¶ 17} The parties entered into a valid agreement, and the appellant's reliance upon it was reasonable. Believing he would receive one-third of the settlement amount in the stipulated judgment entry, the appellant ceased all litigation against Durst. Because the agreement between the parties assigned one-third of Anderson's settlement amount to be paid by Durst to the appellant, he no longer needed to pursue legal action against Durst to receive payment.
 {¶ 18} The trial court erred when it determined that the appellees were not estopped from challenging the appellant's motion to revive. The stipulated judgment entry conveyed an interest to the appellant, and he materially altered his position in reasonable reliance upon the agreement. Thus, the appellees are estopped from challenging the appellant's motion to revive. Accordingly, the trial court abused its discretion, and the appellant's second assignment of error is sustained.
 {¶ 19} "III. The trial court erred in denying appellant's motion to revive the judgment where the appellees' claims are barred by the doctrine of waiver."
 {¶ 20} The appellant next argues that the trial court erred when it denied his motion to revive because Durst agreed to the settlement contract and judgment entry conveying contractual rights to him and in addition paid him pursuant to the agreement for four years. The appellant contends that because Durst acted in conformity with the agreement, he effectively waived his right to challenge the motion to revive.
 {¶ 21} The appellees contend that the stipulated judgment entry only refers to the appellant as an intermediary between the parties, rather than a assignee, so the appellant cannot assert that he received funds pursuant to an agreement that does not confer any rights to him. They further argue that because the stipulated judgment entry did not assign an interest to the appellant, he cannot argue that they waived their right to challenge his motion to revive.
 {¶ 22} We find no merit to the appellees' contention that they did not waive their right to challenge the appellant's motion. It is clear from the language of the stipulated judgment entry that the appellant was assigned a one-third interest in the settlement amount. The fact that Durst made payments to him only strengthens the contention that he was, in fact, a party to the agreement and is entitled to recover one-third of the judgment awarded to Anderson. When Durst tendered payment to the appellant, he was acting in conformity with the agreement. The Ohio Supreme Court defined waiver in List Son Co. v. Chase
(1909), 80 Ohio St. 42, when it stated:
 {¶ 23} "A waiver is a voluntary relinquishment of a known right. It may be made by express words or by conduct which renders impossible a performance by the other party, or which seems to dispense with complete performance at a time when the obligor might fully perform. Mere silence will not amount to waiver where one is not bound to speak."
 {¶ 24} When Durst made payments to the appellant, he effectively waived his right to contest the appellant's motion to revive. Durst paid the appellant for a total of 47 payment over a period of four years before he stopped making any further payments. At the time that Durst stopped making payments and the appellant filed his motion to revive, only 13 payments remained pursuant to the stipulated judgment entry. It is clear that Durst was acting in conformity with the contract when he made the payments and, in doing so, he effectively waived his right to challenge the appellant's motion to revive.
 {¶ 25} The stipulated judgment entry clearly provides that Durst is to make payments to the appellant, and for four years Durst acted in complete conformity with that agreement. Accordingly, the trial court abused its discretion when it determined that the appellees had not waived their right to challenge the appellant's motion to revive. Appellant's third assignment of error is sustained.
 {¶ 26} "IV. The trial court erred in denying appellant's motion to revive the judgment where the appellant's interest was not affected by any bankruptcy proceedings or tax levy."
 {¶ 27} The appellant further argues that the trial court abused its discretion when it denied his motion to revive judgment because his interest in the judgment was not affected by bankruptcy proceedings or tax levies filed by Anderson. The appellees argue that Anderson's bankruptcy did have an effect upon the stipulated judgment entry. At the trial court level, the appellees argued that Anderson's bankruptcy proceedings discharged the debt owed to the appellant. They asserted that "[t]he bankruptcy order of July 21, 1997, acts as res judicata and sets the amounts owing on the judgment at zero. Because nothing is owed on the judgment, Mr. Corrado's motion should be overruled."
 {¶ 28} The appellees' argument that the appellant's interest was discharged by Anderson's bankruptcy is in direct contradiction with their position that the appellant was not assigned a one-third interest; it is clearly a red herring designed to cloud the real issues concerning the appellant's right to judgment. The appellees have not presented evidence on their own behalf, from the bankruptcy court or the Internal Revenue Service, indicating that the amount owed to the appellant was discharged when Anderson filed bankruptcy. The appellees' argument only lends additional support to the appellant's position that he is entitled to one-third of the settlement amount in the stipulated judgment entry.
 {¶ 29} It is clear that Anderson's bankruptcy did not discharge the one-third interest assigned to the appellant, and it is irrelevant as it pertains to this case. Accordingly, the trial court abused its discretion. Appellant's fourth assignment of error is sustained.
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellees costs herein.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and Blackmon, J., Concur.