JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Ocie Reddick, appeals his sentence imposed by the common pleas court as a result of his conviction for aggravated murder and attempted murder. After a thorough review of the arguments and for the reasons set forth below, we affirm.
 {¶ 2} On January 31, 1985, appellant was indicted on one count of aggravated murder, with a firearm and mass murder specification, and one count of attempted murder. After a jury trial, he was found guilty as charged. For the aggravated murder conviction, he was sentenced to a life term with no eligibility of parole for 20 years, and a term of 3 years for the firearm specification. For the attempted murder conviction, he was sentenced to a term of 10 to 25 years. The trial court ordered that the sentences run consecutively. After sentencing, appellant appealed his conviction and sentence to this court, both of which were affirmed in State v. Reddick (May 7, 1987), Cuyahoga App. No. 50814.
 {¶ 3} On August 31, 1999, appellant filed a motion to correct an illegal sentence, arguing that the term of 10 to 25 years for attempted murder was illegal because the maximum sentence that could be imposed for a felony conviction was 7 to 25 years, rather than 10 to 25 years. On August 30, 2005, the trial court denied the motion.
 {¶ 4} Appellant now brings this appeal, asserting one assignment of error for our review:
 {¶ 5} "I. Defendant was denied due process of law when the court overruled his motion to correct an illegal sentence."
 {¶ 6} Appellant argues that the trial court abused its discretion when it overruled his motion to correct an illegal sentence. More specifically, he asserts that the trial court did not comply with the terms of R.C. 2929.11(B)(2) when it imposed his sentence. He further contends that the minimum sentence under R.C. 2929.11(B)(2) is 4 to 7 years, thus his sentence for 10 to 25 years is in excess of that provided by law.
 {¶ 7} To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 50 OBR 481, 450 N.E.2d 1140. "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." State v.Jenkins (1984), 15 Ohio St.3d 164, 222, quoting Spalding v.Spalding (1959), 355 Mich. 382, 384-385. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Id.
 {¶ 8} Although appellant argues that the trial court abused its discretion when it imposed his sentence, we do not agree. Appellant filed his petition for post conviction relief almost 14 years after the date of his direct appeal. It is clear that his motion was filed well beyond the statutory time limit outlined in R.C. 2953.21(A)(2), which provides:
 {¶ 9} "(2) * * * a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the Supreme Court. If no appeal is taken * * *, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 10} The Revised Code is clear in its mandate that any petitioner filing a motion for post conviction relief must comply with the deadlines set forth in the statute. If there is noncompliance, the trial court cannot grant the motion. R.C.2953.23 addresses the exceptions to R.C. 2953.21(A)(2) that will allow a trial court to hear a petition for post conviction relief, despite noncompliance with the deadline. R.C. 2953.23
provides:
 {¶ 11} "Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 {¶ 12} "(1) Both of the following apply:
 {¶ 13} "(A) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to person in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 14} "(B) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable fact finder would have found the petitioner eligible for the death sentence.
 {¶ 15} "(2) the petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under sections2953.82 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death."
 {¶ 16} It is clear from the language of the Revised Code that appellant failed to comply with the deadline set forth in R.C.2953.21 and did not provide an adequate excuse for noncompliance, as outlined in R.C. 2953.23. He filed his direct appeal on September 27, 1985; however, his motion to correct an illegal sentence was not filed until August 31, 1999, almost 14 years later. It is clear that appellant's deadline of 180 days expired well before he filed his petition for post conviction relief; thus, he failed to comply with the deadline set forth in R.C.2953.21 when filing his motion to correct an illegal sentence. As a result of his noncompliance, the trial court was barred from granting his motion.
 {¶ 17} The trial court's actions were neither unreasonable, arbitrary nor unconscionable when it denied appellant's motion to correct an illegal sentence. Accordingly, the trial court did not abuse its discretion, and appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Diane Karpinski, J., and Sean C. Gallagher, J., concur.