JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Deborah Geer, appeals the trial court's decision awarding damages in favor of appellee, Jerry Seawright, and denying her claim for damages. After a thorough review of the record and for the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} On January 19, 2005, Seawright filed a complaint against Geer in Euclid Municipal Court, alleging damages for the loss and destruction of personal property. On February 10, 2005, Geer responded to the complaint by filing a counterclaim, alleging $3,000 in damages for lost wages and furniture costs. A hearing was held before a magistrate on March 10, 2005. After the parties presented evidence and testimony, the magistrate found in favor of Seawright and awarded him $3,000 in damages. Geer filed an objection to the magistrate's decision on June 30, 2005. After reviewing the magistrate's findings of fact and conclusions of law, the trial court determined that judgment in favor of Seawright was proper and issued a journal entry affirming the magistrate's decision on July 8, 2005. Geer filed a notice of appeal with this court on August, 8, 2005.
 {¶ 3} The incidents that gave rise to the present case began in November 2004, when the parties, who were involved in a romantic relationship, decided to live together. Geer owned a house located on East 246th Street in the city of Euclid, and Seawright moved into the house to live with Geer and her children. The parties lived together from November 2004 until January 2005 when, after a series of arguments, Geer asked Seawright to move out. Although the house was owned by Geer, when Seawright moved in, he brought his personal belongings, appliances, and furniture with him.
 {¶ 4} Shortly after he moved out of Geer's house, he returned with several family members and began loading his personal belongings onto a truck. Geer became upset at this, and a confrontation resulted. During the height of the confrontation, Geer grabbed a kitchen knife and forced Seawright and his family members out of the house. As a result, the police were called. When the police arrived, they arrested Geer and ordered Seawright to return all of the items that he had removed from the house. The police then authorized Seawright to enter the house for the limited purpose of retrieving his clothing.
 {¶ 5} Following this incident, Geer was placed into police custody and spent two days in jail. Seawright was unable to retrieve the remainder of his belongings from Geer's house and filed his complaint for damages.
 {¶ 6} Geer appeals asserting three assignments of error for our review. Because appellant's assignments of error are substantially interrelated, they will be addressed together.
 {¶ 7} "I. The magistrate erred and abused its discretion by finding for the plaintiff-appellee in the amount of three thousand dollars.
 {¶ 8} "II. The magistrate erred and abused its discretion when it failed to consider all of the appellant's receipts.
 {¶ 9} "III. The magistrate abused its discretion in its factual finding and conclusion of law for its failure to consider the claims of the appellant."
 {¶ 10} Appellant argues that the trial court abused its discretion when it adopted the decision of the magistrate. More specifically, she asserts that the magistrate erred when he awarded damages to Seawright and denied her claim for damages. In addition, she contends that the magistrate neglected to consider her evidence or properly address her counterclaim during the hearing.
 {¶ 11} To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 50 OBR 481, 450 N.E.2d 1140. "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." State v.Jenkins (1984), 15 Ohio St.3d 164, 222, quoting Spalding v.Spalding (1959), 355 Mich. 382, 384-385. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Id.
 {¶ 12} After review of the record and the arguments of the parties, we do not agree with appellant's contention that the trial court abused its discretion when it adopted the magistrate's decision. During the magistrate's hearing, the parties were asked to present evidence in support of their claims. Appellee presented receipts, as well as photographs, establishing ownership of the items he claimed belonged to him that were still in the appellant's house. Although appellant presented some receipts, they did not match the items that she claimed were hers. In addition, appellant repeatedly contradicted herself, and she was unable to provide any evidence to support her claim that appellee had retrieved his property from her home. When questioned by the court about the location of appellee's property, appellant's behavior was evasive, and she was unable to provide the court with a consistent explanation.
 {¶ 13} It is clear from the lack of evidence presented by appellant, as well as her behavior when directly questioned regarding the various items in question, that she was not entirely candid with the court. To the contrary, appellee presented numerous photographs and receipts supporting his claim for damages, and his account of events was fairly consistent.
 {¶ 14} We do not find that the trial court's actions were unreasonable, arbitrary, or unconscionable when it adopted the magistrate's decision awarding appellee $3,000 in damages. Accordingly, the trial court did not abuse its discretion, and appellant's assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and Corrigan, J., concur.