JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Susan Musil, appeals the trial court's division of marital assets in her divorce action against appellee, Dennis Musil. After a thorough review of the arguments and for the reasons set forth below, we affirm.
 {¶ 2} On August 10, 2004, Susan Musil ("wife") filed a complaint for divorce against Dennis Musil ("husband"). Husband responded by filing an answer, and the matter proceeded to trial on November 22, 2005. On March 10, 2006, the trial court entered its final journal entry on the case in which it made a division of marital assets, including several classic cars, real property and additional personal property. The trial court also concluded that neither party would be awarded spousal support. Wife filed this timely appeal, asserting one assignment of error for our review.
 {¶ 3} "I. The judgment of the trial court as to the division of property and the failure to award spousal support was an abuse of discretion."
 {¶ 4} Wife argues that the trial court abused its discretion when it divided marital assets in her divorce action. More specifically, she asserts that the trial court underestimated the value of husband's classic car collection and real property and did not fully consider his income when it failed to award her spousal support. We do not find that the trial court abused its discretion.
 {¶ 5} To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 50 OBR 481,450 N.E.2d 1140.
 {¶ 6} "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." State v Jenkins (1984), 15 Ohio St.3d 164, 222, quotingSpalding v. Spalding (1959), 355 Mich. 382, 384-385. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Id.
 {¶ 7} When the trial court issued its final journal entry regarding the division of the parties' marital assets it held:
 {¶ 8} "IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the plaintiff is awarded the following marital property, free and clear from any claim by the defendant:
 {¶ 9} "1. The marital residence located at Lunn Road. Plaintiff shall also pay and hold the defendant harmless on any mortgages or liens on said real estate. (FMV of $139,400 less $43,500 for an equity of $95,900.)
 {¶ 10} "2. The 1999 Dodge van
 {¶ 11} "3. The Myrtle Beach time share ($5,000)
 {¶ 12} "4. All furniture located in the marital residence ($2,000)
 {¶ 13} "5. Plaintiff's pension benefits as set forth in joint exhibit 1 ($338,590)
 {¶ 14} "6. Plaintiff's deferred compensation amount ($8,573.99)
 {¶ 15} "IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the defendant is awarded the following marital property, free and clear from any claim by plaintiff:
 {¶ 16} "1. The real estate at 12394 State Road. Defendant shall pay all mortgages and liens on such real estate ($40,000 equity)
 {¶ 17} "2. The 1970 Dodge Charger RT ($15,000)
 {¶ 18} "3. The 1970 Plymouth ($50,000)
 {¶ 19} "4. The 1971 Plymouth GTX ($15,000)
 {¶ 20} "5. The 2003 Chevrolet Venture Van ($7000)
 {¶ 21} "6. The Orlando time share ($7,500)
 {¶ 22} "7. Defendant's pension benefits as set forth in joint exhibit 1 ($307,342.27)
 {¶ 23} "8. All furniture located in the State Road property ($2,000)
 {¶ 24} "IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that each party shall pay one half of the tax liabilities for the business known as City Bike.
 {¶ 25} "IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that each party shall pay any and all additional debt maintained in their own name."
 {¶ 26} In a January 12, 2007, journal entry, the trial court addressed the issue of spousal support by providing:
 {¶ 27} "IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that neither party shall pay spousal support to the other and this Court shall not retain jurisdiction over such issue."
 {¶ 28} Wife argues that the trial court miscalculated the value of the property awarded to husband. She asserts that the property awarded to husband was worth considerably more than he claimed, thus, the award was inequitable.
 {¶ 29} At the heart of wife's argument is her contention that the automobiles and real property awarded to husband were worth more than the trial court's determination, warranting an adjustment to the divorce decree. With respect to her argument regarding the value of the vehicles awarded to husband, at trial husband provided sufficient evidence that the vehicles were not worth their maximum value. He testified that because the cars did not have all of their original parts, and some were scratched and dented, he would not be able to sell them at the maximum price. It is clear when considering the condition of the vehicles that the trial court did not err when it determined they were not worth their maximum value.
 {¶ 30} Wife asserts a similar argument with respect to real property that was awarded to husband. She contends that the real property he was awarded is worth more than the trial court's determination; however, the trial court carefully considered the equity in the property, improvements made to the property, and the mortgage balance on the property when it made its determination. Accordingly,
wife's argument regarding the real property awarded to husband is equally without merit.
 {¶ 31} In addition, wife argues that the trial court abused its discretion when it did not award her spousal support. She argues that, on the basis of the trial court's award, she cannot adequately support herself. It is clear that the trial court took great care when dividing the marital assets and making a determination regarding spousal support. When calculating wife's current salary of $34,000, the $307,342.27 in pension benefits she has amassed, the property she was awarded as a result of the divorce action, and the spousal support she received for over a year after filing for divorce, the trial court determined that she was capable of financially caring for herself and did not need additional support. When evaluating all of the relevant factors, it is clear that the trial court did not err, and the division of property between wife and husband was equitable.
 {¶ 32} We do not find that the trial court's actions were unreasonable, arbitrary, or unconscionable in the distribution of marital assets or determination of spousal support. Accordingly, the trial court did not abuse its discretion, and wife's assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and ANN DYKE, J., CONCUR