JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Alan Belkin, appeals the trial court's decision to award interest and attorney's fees to his former wife, appellee, Carol Kellman.[1] After a thorough review of the arguments and for the reasons set forth below, we affirm.
 {¶ 2} Belkin and Kellman were divorced in October 1980. At the time of their divorce, the parties assented to a divorce decree, which required Belkin to deposit $5,000 into a trust as child support for the parties' then-minor child. He was to deposit the money no later than June 1, 1989. On July 17, 1997, Kellman filed a motion to show cause against Belkin for his failure to deposit the funds. On September 30, 1997, the parties entered into an agreed judgment entry wherein Belkin agreed to pay Kellman $6,190 in child support arrearages by April 1, 1999. On May 27, 1999, Kellman filed a second motion to show cause against Belkin for his failure to pay. On June 25, 1999, the parties entered into a second agreed *Page 3 
judgment entry which obligated Belkin to pay $6,190 plus interest at a rate of 19 percent to Kellman. On December 2, 1999, Kellman filed a third motion to show cause due to Belkin's failure to pay according to the June 25th agreement. On January 6, 2000, the parties entered into a third agreed judgment entry; however, on November 14, 2001, Kellman was forced to file a fourth motion to show cause because of Belkin's continued failure to pay.
 {¶ 3} After Kellman filed her fourth motion to show cause, Belkin filed a Chapter 7 bankruptcy action, listing Kellman as a creditor. On October 16, 2003, the parties entered into a stipulated judgment entry through the bankruptcy court, wherein they agreed that Belkin could not discharge his child support arrearages in bankruptcy. Belkin also agreed that he would pay Kellman $21,531.17 plus interest at a rate of ten percent per annum. This sum included child support arrearages plus Kellman's attorney's fees stemming from the bankruptcy action. The October 16th agreement contained a default provision, which stated if Belkin's monthly payment was ten days late, the entire balance, plus interest, would immediately become due.
 {¶ 4} Belkin made payments according to this agreement until May 2004, when he failed to make the payment. He then fell far behind, paying his August 2005 payment in October and his September and October 2005 payments in January 2006. On February 1, 2006, Kellman filed a fifth motion to show cause. A hearing was held before a magistrate in the domestic relations court, and the parties stipulated to appellant's failure to pay according to the bankruptcy court order. After *Page 4 
reviewing the evidence presented by the parties, the magistrate ordered that Belkin pay the entire balance due under the bankruptcy agreement, less $13,000 in payments already made. In her decision, the magistrate also ordered Belkin to pay interest on the entire $21,531.17 owed, holding that despite the payments of $13,000, payment in full had not been made, causing interest to continue to accrue at the same rate ($179.43 a month) as though the entire $21,531.17 principal amount was still due. Belkin filed an objection to the magistrate's decision, arguing that the calculation of interest was incorrect because he was ordered to pay interest on the entire principal amount, rather than on the lesser amount that was outstanding. After a careful review of Belkin's objection, the trial court affirmed the magistrate's decision.
 {¶ 5} Belkin brings this appeal asserting two assignments of error.
 {¶ 6} "I. The trial court erred in ordering interest from the date of the bankruptcy court entry on the full principal amount and not affording defendant credit for payments made on the judgment before the date of default."
 {¶ 7} Although the present case has an extensive procedural history involving many legal issues, this appeal is narrow in scope. In his first assignment of error, appellant argues that the trial court abused its discretion when it calculated the amount of interest owed to appellee. More specifically, he asserts that because he payed $13,000 dollars toward child support arrearages to appellee, he should only *Page 5 
have to pay interest on the amount outstanding, rather than the entire principal amount of $21,531.17. We do not agree.
 {¶ 8} To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 50 OBR 481,450 N.E.2d 1140.
 {¶ 9} "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." State v Jenkins (1984), 15 Ohio St.3d 164, 222, quotingSpalding v. Spalding (1959), 355 Mich. 382, 384-385. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Id.
 {¶ 10} The agreement appellant entered into with appellee contained a default provision that stated if appellant was ten days late in making a payment, the entire principal amount would immediately become due, plus interest. Appellant defaulted on the agreement and, as a result, the magistrate ordered him to pay the entire amount less the $13,000 dollars he had already paid.
 {¶ 11} Although the magistrate subtracted appellant's previous payments, she ordered that he pay interest on the entire principal amount. Interest was calculated in this manner because payment in full had not been made, causing interest to accrue at the same rate of $179.43 a month as though the entire principal amount of *Page 6 
$21,531.17 was still outstanding. Because of appellant's repeated failure to pay and the consistent rate of interest that continued to accrue, it is clear that the magistrate's calculation was appropriate.
 {¶ 12} The trial court's actions were not unreasonable, arbitrary, or unconscionable when it affirmed the magistrate's calculation of interest. Accordingly, appellant's first assignment of error is overruled.
 {¶ 13} "II. The trial court erred in awarding legal fees that had accrued but had not been requested before the date on which defendant filed for bankruptcy."
 {¶ 14} Appellant argues that the trial court abused its discretion when it awarded attorney's fees to appellee. He asserts that all of his debts were discharged as a result of bankruptcy, thus he is not responsible for the payment of appellee's legal fees. We find no merit in his assertions.
 {¶ 15} When he filed for bankruptcy, he attempted to discharge the child support arrearages owed to appellee. In order to adequately represent her interests during the proceedings, appellee had to retain legal counsel. As a result of the bankruptcy action, the parties entered into an agreement wherein appellant agreed to pay appellee $21,531.17, which included the child support arrearages and appellee's legal fees. When the magistrate enforced the agreement awarding attorney's fees to appellee, she held that appellant's obligation to pay attorney's fees was not incurred until after the bankruptcy proceedings concluded; therefore, he *Page 7 
could not have discharged his payment obligation in the bankruptcy action because the obligation did not exist at the time.
 {¶ 16} The trial court's actions were not unreasonable, arbitrary, or unconscionable when it affirmed the magistrate's decision awarding attorney's fees in favor of appellee. Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and MARY EILEEN KILBANE, J., CONCUR
[1] Carol E. Belkin is now known as Carol E. Kellman. *Page 1