JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Dedrick Divens, appeals his guilty plea as invalid. After a thorough review of the arguments and for the reasons set forth below, we affirm.
 {¶ 2} On November 25, 2003, appellant was indicted on four counts charging alternative theories for aggravated murder,[1] in violation of R.C. 2903.01, with capital specifications under R.C. 2929.04(A)(5) and (7); two counts of attempted aggravated murder, in violation of R.C.2903.01 and 2923.02; one count of aggravated burglary, in violation of R.C. 2911.11; three counts of aggravated burglary, in violation of R.C.2911.01; and three counts of kidnaping, in violation of R.C. 2905.02. Each of the charges carried mandatory one-and three-year firearm specifications. *Page 2 
 {¶ 3} On December 28, 2004, appellant was arraigned and entered a plea of not guilty. Trial was scheduled for July 13, 2005; however, on the day trial was to commence, appellant accepted a plea agreement. Under the plea agreement, he pleaded guilty to aggravated murder, attempted aggravated murder, aggravated burglary, aggravated robbery and kidnaping. The firearm specifications were amended from three years to one year. After accepting the plea, the trial court merged the firearm specifications and ordered that all counts be served concurrently. As a result, appellant was sentenced to life imprisonment with parole considerations after 21 years. He brings this appeal asserting one assignment of error for our review.
 {¶ 4} "I. The trial court abused its discretion by accepting the appellant's invalid plea."
 {¶ 5} Appellant argues that the trial court abused its discretion when it accepted his guilty plea. More specifically, he asserts that the trial court failed to ensure that he fully understood the nature of the charges against him. He contends that before he entered his plea, the trial court stated that he was more or less acting as a lookout during the commission of the crime, but failed to address the concept of aiding and abetting or accomplice liability. Appellant argues that because his plea was not knowingly, intelligently, and voluntarily made, it was invalid. We disagree with this argument. *Page 3 
 {¶ 6} To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 50 OBR 481,450 N.E.2d 1140. "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." State v Jenkins (1984), 15 Ohio St.3d 164, 222, quotingSpalding v. Spalding (1959), 355 Mich. 382, 384-385. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Id.
 {¶ 7} Appellant's argument that the trial court failed to ensure that he fully understood the nature of the charges against him is without merit. When appellant entered his guilty plea, the following statement was made by his defense counsel:
 {¶ 8} "We've discussed this matter with Dedrick countless times. We've gone over all of the evidence with him. We've had an opportunity to speak today with two of the witnesses. Our investigator has gone out and talked to numerous witnesses. We've gone over all of the evidence. I have explained to Dedrick all of his constitutional rights. It's my professional opinion that he knows those rights, that his plea that he's about to enter will be a knowing, voluntary and intelligent one, and *Page 4 
in my professional opinion, after everything has been explained to him, he believes this is the right course of action to take."
 {¶ 9} The trial court followed defense counsel's statement by asking appellant whether he had any questions regarding his case or the hearing, to which he replied he did not.
 {¶ 10} It is clear from defense counsel's statements and from the trial court's questions that every effort was taken to ensure that appellant was aware of the charges against him before he entered his guilty plea.
 {¶ 11} Appellant also argues that his plea was invalid because he was not properly advised about the concepts of aiding and abetting and accomplice liability. This argument is equally without merit. Crim.R. 11 provides that in order for a defendant to enter a valid guilty plea, the trial court must inform him of his constitutional rights. Crim.R. 11 specifically states:
 {¶ 12} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 13} "* * *
 {¶ 14} "(c) informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining *Page 5 
witnesses in the defendant's favor, and to require the State to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 15} Before appellant entered his guilty plea, the following exchange occurred:
 {¶ 16} "THE COURT: Mr. Divens how old are you?
 {¶ 17} "THE DEFENDANT: 23.
 {¶ 18} "THE COURT: How far did you go in school?
 {¶ 19} "THE DEFENDANT: Well, college.
 {¶ 20} "THE COURT: As we speak right now, are you under the influence of any drugs, alcohol or medication?
 {¶ 21} "THE DEFENDANT: No.
 {¶ 22} "THE COURT: Are you on probation, parole or post release control?
 {¶ 23} "THE DEFENDANT: No.
 {¶ 24} "THE COURT: Now, by law, you have the right to have this case tried to a jury. You can also elect to have your case tried by a three judge panel. You do have the right to an attorney. Do you understand that?
 {¶ 25} "THE DEFENDANT: Yes.
 {¶ 26} "THE COURT: You have the right of confrontation. That means that you or your attorneys can cross-examine all of the state's witnesses at trial. You *Page 6 
further have the right of compulsory process, which means that by using a subpoena, you can cause witnesses to come down here and testify on your behalf. Do you understand that?
 {¶ 27} "THE DEFENDANT: Yes.
 {¶ 28} "THE COURT: The State of Ohio must prove your guilt with evidence beyond a reasonable doubt. That must be done at a trial, and at trial, you cannot be forced to testify against yourself. Do you understand that?
 {¶ 29} "THE DEFENDANT: Yes.
 {¶ 30} "THE COURT: Furthermore, nobody can comment upon whether or not you take the stand, either your attorneys or the state's attorneys, as an indication of either guilt or innocence. Do you understand that?
 {¶ 31} "THE DEFENDANT: Yes.
 {¶ 32} "THE COURT: Now, by entering your plea as outlined, you're obviously admitting you broke those laws, but in addition when you do that, you're giving up all the rights that I just described. Do you understand that?
 {¶ 33} "THE DEFENDANT: Yes."
 {¶ 34} It is clear that appellant was properly advised of his constitutional rights as mandated by Crim.R. 11. Under Crim.R. 11 there is no requirement that appellant be advised of the specific elements of his crime, but rather that he understands that by pleading guilty he is relinquishing certain constitutional rights. *Page 7 
 {¶ 35} We do not find that the trial court's actions were unreasonable, arbitrary, or unconscionable when it accepted appellant's guilty plea. It is clear that appellant was informed of his rights under Crim.R. 11, thus, he entered a valid plea. Accordingly, the trial court did not abuse its discretion, and appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J., and KENNETH A. ROCCO, J., CONCUR
[1] There were two victims involved in this case. Aggravated murder counts one and two applied to the first victim, while counts three and four applied to the second victim. *Page 1