JOURNAL ENTRY and OPINION
{¶ 1} Appellant, Alfred Holly, appeals the trial common pleas court's ruling, which denied his motion for a new trial. After a thorough review of the arguments and for the reasons set forth below, we affirm.
 {¶ 2} On November 18, 1997, Holly was indicted on one count of murder, with a firearm specification, and one count of having a weapon while under a disability. A jury trial commenced on March 30, 1998 and, after deliberations, the jury returned its verdict finding Holly guilty of the charges.
 {¶ 3} The trial court sentenced Holly to a term of 15 years to life on count one, with an additional three years for the firearm specification; a term of five years on count two; and an additional term of five years for a repeat violent offender specification. The trial court further ordered that the terms be served consecutively. Holly filed an appeal with this court challenging his conviction, which was affirmed. (See State v.Holly [July 8, 1999], Cuyahoga App. No. 74452.)
 {¶ 4} On December 7, 2001, Holly filed a motion for leave to file a motion for a new trial or, in the alternative, a petition for post-conviction relief. He argued that he was entitled to a new trial because one of the witnesses who testified against him recanted his testimony. On August 3, 2005, the trial court denied his motion, finding that he had not presented credible evidence to support the granting of a new trial and that the motion was untimely filed.
 {¶ 5} The incident that gave rise to the charges against Holly occurred on the evening of March 28, 1997. Holly, his brother, and several other young men living in his neighborhood were associated with a gang called "Rockland." The Rockland gang's territory extended from Lakeview Avenue to East 115th Street and Kelton Avenue. To the south of the Rockland territory was an area claimed by a gang known as the "Lee Boys." On the evening of the incident, several members of the Lee Boys attended a party where members of the Rockland gang were present. Sensing the tension between themselves and the Rockland members, the Lee Boys decided to leave. As they were leaving the party, other members of the Rockland gang were arriving. Words were exchanged between the two gangs, and a verbal confrontation resulted.
 {¶ 6} Holly arrived at the scene of the confrontation in a vehicle driven by his cousin. In response to the confrontation occurring between his gang and the Lee Boys, Holly exited the vehicle with two handguns, causing the Lee Boys to run from the scene. As Lee Boys member Benjamin McDougall was fleeing the scene, he was shot in the lower back by Holly. Witnesses saw McDougall rise off ground as he was shot and then continue to run. McDougall was later found in a grassy area between a house and an apartment complex. When police and EMS workers arrived, he was pronounced dead.
 {¶ 7} Holly brings this appeal asserting three assignments of error for our review. Because his assignments of error are substantially interrelated, they will be addressed together.
 {¶ 8} "I. Defendant was denied due process of law when the court would not consider the merits of defendant's post-conviction petition where he presented evidence of actual innocence.
 {¶ 9} "II. Defendant was denied due process of law when the court dismissed defendant's motion for a new trial without an evidentiary hearing.
 {¶ 10} "III. Defendant was denied due process of law when the court, who was not a trial judge, made a credibility assessment in overruling defendant's motion for a new trial."
 {¶ 11} Appellant argues that the trial court abused its discretion when it denied his motion for a new trial. More specifically, he asserts that the trial court did not hold an evidentiary hearing to consider the merits of his motion and also failed to consider evidence presented supporting his innocence.
 {¶ 12} To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 50 OBR 481, 450 N.E.2d 1140.
 {¶ 13} "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." State v. Jenkins (1984),15 Ohio St.3d 164, 222, quoting Spalding v. Spalding (1959),355 Mich. 382, 3843-85. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Id.
 {¶ 14} At the crux of appellant's argument is the recanted testimony of a key witness for the prosecution. Brian Howard signed an affidavit testifying that he had been tricked, coerced and intimidated into making a false statement against the appellant. Appellant contends that this testimony lends support to his innocence; thus the trial court abused its discretion when it did not adequately consider it. Although the appellant argues that the trial court erred when it denied his motion for a new trial, we do not agree.
 {¶ 15} Crim.R. 33(A)(6) outlines the necessary requirements to be fulfilled in order to grant a new trial. 33(A)(6) provides:
 {¶ 16} "It must be shown that the new evidence (1) discloses a strong possibility that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence."
 {¶ 17} Although Howard has now recanted his testimony, there were other witnesses presented by the prosecution that placed the appellant at the scene of the crime and identified the appellant as the individual who shot McDougall. In addition, Howard supports his position that the appellant is innocent with the statement: "I know that Alfred Holly could never have committed this crime because at the time it was allegedly committed, Alfred was at a party that I had been at and had left." Howard's testimony lends very little credibility to the contention that the appellant was not involved in the shooting. It merely makes the observation that the appellant was present at the party that prompted the shooting. Howard's testimony also fails to provide a new series of events, does not indicate whether he was or was not present at the scene of the shooting, and fails to implicate any other individual as the actual shooter. Although Howard vehemently denies the appellant's involvement in the shooting, the holes in his testimony cast serious doubt on its veracity.
 {¶ 18} When we consider the mandates of Crim.R. 33(A)(6), Howard's recantation does not present a strong possibility that the outcome of the case would differ if a new trial was ordered; his new testimony merely serves as a contradiction to formerly presented evidence.
 {¶ 19} It is clear that the trial court did not abuse its discretion when it denied the appellant's motion. When reviewing the motion and Howard's affidavit, the trial court correctly concluded that Howard's testimony lacked credibility and, as a result, it did not warrant a hearing.
 {¶ 20} In addition to the trial court's denial of the appellant's motion on the merits, it also held that the motion was untimely. Crim.R. 33(B) specifically provides:
 {¶ 21} "Motions for a new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where a trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."
 {¶ 22} Because the appellant filed a motion for a new trial or, in the alternative, post conviction relief, the Ohio Revised Code must be consulted. R.C. 2953.21(A)(2) provides additional time lines for the filing of a motion for post conviction relief:
 {¶ 23} "(2) * * * a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the Supreme Court. If no appeal is taken * * *, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 24} The Revised Code is clear in its mandate that any petitioner filing a motion for post conviction relief must comply with the deadlines set forth in the statute. If there is noncompliance, the trial court cannot grant the motion. R.C.2953.23 addresses the exceptions to R.C. 2953.21(A)(2) that will allow a trial court to hear a petition for post conviction relief, despite noncompliance with the deadline:
 {¶ 25} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 {¶ 26} "(1) Both of the following apply:
 {¶ 27} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 28} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 29} It is clear that the appellant did not comply with the terms of Crim.R. 33, or the terms of the Ohio Revised Code, when he filed his motion for a new trial. With respect to Crim.R. 33, the appellant was required to file his motion for a new trial within 120 days of his conviction. He was convicted in March 1998, yet did not file his motion for a new trial until December 2001. He did not make an adequate showing that he was unavoidably prevented from the discovery of evidence, and the trial court also did not make such findings.
 {¶ 30} With respect to the Ohio Revised Code, the appellant was required to file a motion for post conviction relief within 180 days of his direct appeal. He filed his direct appeal in May 1998, but did not file his motion for a new trial until December 2001. Upon filing his motion, the appellant did not present the court with an adequate excuse for noncompliance, as outlined in R.C. 2953.23. Although he argues that the trial court abused its discretion in denying his motion, it is clear that the motion was untimely filed.
 {¶ 31} The trial court's actions were not unreasonable, arbitrary, or unconscionable when it denied the appellant's motion for a new trial. He did not support his motion on the merits, and he failed to file his motion in a timely manner. Accordingly, the trial court did not abuse its discretion, and the appellant's assignments of error are without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., concurs;
Karpinski, J., concurs in judgment only.