JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, C.S.,[1] appeals the trial court's decision, which found him delinquent of attempted rape and attempted kidnapping. After a thorough review of the arguments and for the reasons set forth below, we reverse and remand.
 {¶ 2} On September 28, 2004, a complaint was filed against appellant alleging rape, in violation of R.C. 2907.02(A)(2), and kidnapping, in violation of R.C. 2905(A)(4). The case proceeded to trial before the Cuyahoga County Juvenile Court Division on June 21, 2005. On June 29, 2005, the trial court issued a journal entry amending the original charges of rape and kidnapping to attempted rape and attempted kidnapping. The journal entry also contained the trial court's decision finding the appellant delinquent of attempted rape and attempted kidnapping. On that same day, the trial court held a sexual classification hearing, and the appellant was classified as a sexual offender. The trial court journalized the disposition on November 18, 2005.
 {¶ 3} The event that gave rise to the charges against the appellant occurred on September 27, 2004, at Warrensville Heights High School. On that day the victim, T.G., was given permission from her classroom teacher to retrieve a binder she had forgotten in another classroom. As she walked down the hall to retrieve the binder, she encountered the appellant. When the appellant approached her, he placed his arm around her, and they proceeded to walk down the hall. The victim and the appellant were well acquainted and had previously expressed some attraction to each other. As the two walked down the hall, the appellant indicated that he was interested in having sexual contact with the victim and asked her if she wanted to go into the boy's restroom with him. Although the victim stated that she did not want to go, the appellant pulled her by her sweater into the boy's restroom. A video camera that was in place in the hallway recorded the appellant and victim as they entered the restroom; however, the camera was unable to detect what occurred inside.
 {¶ 4} Once inside the restroom, the appellant led the victim into a stall and attempted to lock the door; however, the lock was broken and the appellant took the victim to another stall where the lock was functioning. When the appellant locked the stall, the victim tried twice to unlock it, but the appellant pushed her hands away. Once inside the stall, the appellant asked the victim "When are you going to suck me up?" and also asked "When are you going to let me f[* * *] you?" The victim refused. The appellant then attempted to unbuckle his belt and repeatedly asked the appellant to perform fellatio on him. Although the victim knelt on the floor in front of the appellant, she refused to comply with his demands. The appellant then pulled his genitals out of his pants and again asked the victim to perform fellatio on him; however, she refused and turned away from the appellant. The appellant then grabbed the victim by the back of her neck and placed his genitals on her face. When the victim continued to refuse the appellant's advances, he compelled her to perform fellatio upon him.
 {¶ 5} After several minutes, another individual entered the bathroom. The appellant and the victim both stood up, and the appellant placed his feet in front of the victim's to make it appear as though only one person was in the stall. Once the individual left the restroom, the appellant asked the victim to sit on the toilet seat. As she sat down, she told the appellant that she did not want to "do this anymore." He responded by telling her she would only have to perform the act for five more minutes. The appellant again placed his hand on the back of the victim's neck and compelled her to perform fellatio upon him. After several minutes, the appellant ejaculated inside the victim's mouth and told her to leave the stall. Shortly thereafter, the appellant exited the restroom. The video camera showed the appellant and the victim exit the boy's bathroom after roughly twenty minutes.
 {¶ 6} The appellant brings this appeal asserting three assignments of error for our review.
 {¶ 7} "I. The trial court erred in reducing the charge against the defendant to attempted rape and finding him delinquent of that crime."
 {¶ 8} The appellant first argues that the trial court abused its discretion when it reduced the charge against him from rape to the lesser included offense of attempted rape. He asserts that the facts of the case indicate he was not delinquent of attempted rape and should not have been charged with the offense. To the contrary, the state argues that it provided the trial court with sufficient evidence to conclude that the appellant committed the lesser included offense of attempted rape. The state contends that the facts support the trial court's decision to amend the original complaint and find the appellant delinquent of attempted rape.
 {¶ 9} To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 50 OBR 481, 450 N.E.2d 1140.
 {¶ 10} "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." State v. Jenkins (1984),15 Ohio St.3d 164, 222, quoting Spalding v. Spalding (1959),355 Mich. 382, 384-385. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Id.
 {¶ 11} We disagree with the appellee's assertion that the trial court's decision to charge the appellant with attempted rape did not constitute an abuse of discretion. R.C.2907.02(A)(2) defines "rape":
 {¶ 12} "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."
 {¶ 13} In addition, R.C. 2923.02 defines "attempt":
 {¶ 14} "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."
 {¶ 15} The facts of this case clearly indicate that an attempted rape did not occur. The appellant did not merely attempt to engage in sexual conduct with the victim; rather, he clearly did engage in sexual conduct with the victim. Furthermore, both the victim and the appellant admitted at trial that a sexual act had occurred. It is clear from their own testimony that sexual conduct between the appellant and the victim did, in fact, take place, making a charge and conviction for attempted rape improper.
 {¶ 16} The trial court's actions were unreasonable, arbitrary and unconscionable when it amended the appellant's original charges and found him delinquent of the lesser included offenses of attempted rape and attempted kidnapping. Accordingly, the trial court abused its discretion, and we reverse and remand this matter to the trial court for a new hearing.
 {¶ 17} This court's decision to reverse and remand renders the appellant's remaining assignments of error[2] moot for purposes of this appeal.
 {¶ 18} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover of said appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and Corrigan, J., Concur.
[1] The parties are referred to herein by their initials or title in accordance with this court's established policy regarding non-disclosure of identities in juvenile cases.
[2] The appellant's remaining assignments of error state:
"II. The defendant's conviction of attempted rape is not supported by sufficient evidence."
"III. The defendant's conviction of attempted rape is against the manifest weight of the evidence."