{¶ 1} Appellant, John Jung, appeals the trial court's decision to deny his motion for summary judgment and award summary judgment in favor of the appellee, Envirotest Systems, Inc. ("Envirotest"). After a thorough review of the arguments and for the reasons set forth below, we affirm.
 {¶ 2} The present case arose from a challenge of fees charged for the Ohio Motor Vehicles Emissions Testing Program, known as "E-Check." Envirotest operated an E-Check testing facility in Ohio from January 1, 1996 until December 31, 2005. On September 27, 2003, Jung filed a class action complaint against Envirotest alleging that its policy of charging a fee for reinspection violated the mandates of R.C. 3704.14, which governs emissions testing in the state of Ohio. Jung argued that R.C.3704.14 does not authorize Envirotest, or any other E-Check facility, to collect fees for failed emissions tests. In his complaint, Jung asserted that he was assessed a fee after failing his third E-Check test, in direct violation of the Ohio Revised Code. As relief, Jung's complaint requested that Envirotest reimburse him, as well as all other individuals who were charged fees for failed emissions tests.
 {¶ 3} On September 12, 2004, Envirotest filed a motion to dismiss, arguing that Jung lacked standing because R.C. 3704.14 does not authorize a private right of action. In addition, Envirotest asserted that the case should be dismissed on the basis that all challenges of Ohio Environmental Protection Agency ("EPA") rules and regulations must be prosecuted under administrative and judicial review established by R.C. Chapter 3745. The motion to dismiss was denied on January 11, 2005.
 {¶ 4} Envirotest subsequently filed a motion for summary judgment on January 24, 2005, and Jung filed his cross-motion the following day, January 25, 2005. On December 12, 2005, the trial court issued an opinion, which granted summary judgment in favor of Envirotest and denied Jung's cross-motion for summary judgment. The trial court held that R.C. 3704.14 did authorize emission testing facilities to charge a fee for any second or subsequent reinspections.
 {¶ 5} Jung filed his appeal of this ruling on January 11, 2006, and Envirotest filed its cross-appeal on January 18, 2006.
 {¶ 6} The circumstances that gave rise to the present case began in 1993, when the Ohio General Assembly enacted the Ohio Motor Vehicles Emissions Testing Statute. The program was created in an effort for Ohio to comply with the nationally-mandated ambient air quality standards established by the Federal Clean Air Act. The statute provided that contracts could be executed between independent contractors and the Ohio EPA in order to facilitate the operation of E-Check facilities state wide. It also mandated that general revenue funds could not be used to pay the costs of the emissions testing, but rather independent contractors would be paid through funds generated from inspection fees. In order to determine the amount customers would be charged for emissions testing, independent contractors calculated the total amount they would need in order to pay costs and generate revenue. Once that figure was calculated, contractors submitted bids to the Ohio EPA. Envirotest submitted a bid of $16.98 per inspection and reinspection, on the basis of anticipated costs of $92,145,464. Based on that bid, the Ohio EPA set a fee of $19.50 per test, adding an additional $2.52 onto Envirotest's initial bid for program administration costs.
 {¶ 7} On March 5, 1996, two months after the commencement of the E-Check program, the Ohio EPA changed the fee structure and informed all independent contractors, including Envirotest, that they were not to charge any fee on an initial failed inspection or a second failed inspection. Thus, E-Check facilities were authorized to charge a fee for all passing inspections and all subsequent reinspections conducted after the first failed inspection. After the regulations were changed, Envirotest made an effort to reimburse all individuals who had been charged for a reinspection.
 {¶ 8} On August 10, 2002, Jung brought his 1986 Oldsmobile to an Envirotest E-Check facility in Dayton, Ohio for an initial emissions inspection. His vehicle failed the initial inspection and, in accordance with R.C. 3704.14, he was not assessed a fee. After failing the emissions test, he took his vehicle to an auto repair shop, where it underwent $400 worth of emissions-related repairs. On August 17, 2002, following the repairs to his vehicle, Jung had his car reinspected at Envirotest's facility. It again failed to pass inspection.
 {¶ 9} Although there were available fee waivers for individuals who had performed a certain amount of repairs to their vehicles, Jung did not make the Envirotest employees aware that he had performed such repairs and, as a result, he did not receive the fee waiver. The record indicates that Jung did not initially apply for a fee waiver because he "didn't know how it worked." Although Jung did not apply for a fee waiver, in accordance with the changes made to the E-Check statute, he was not assessed a fee for his first failed reinspection.
 {¶ 10} On September 10, 2002, Jung again brought his vehicle to the Envirotest facility for its third overall inspection and second reinspection. His car again failed to pass the E-Check test, and he was assessed a fee of $19.50 for the second reinspection. An Envirotest employee then advised Jung that he could be eligible for a repair waiver if he provided Envirotest with original receipts showing that certain emissions repairs had been made to his car. On this same date, Jung presented his original automotive repair receipts to Envirotest and was granted a waiver and certificate of compliance. Jung was not assessed an additional fee for the waiver. After receiving his certificate of compliance, Jung filed a class action lawsuit arguing that he should not have been assessed a fee for his second failed reinspection.
 {¶ 11} Jung brings this appeal asserting three assignments of error. In addition, Envirotest cross-appeals asserting two assignments of error for our review. Because Jung's first and second assignments of error are substantially interrelatedthey will be addressed together.
 {¶ 12} "I. The trial judge erred, as a matter of law, by granting summary judgment in favor of defendant-appellee, Envirotest Systems Corporation and denying the motion for summary judgment of Defendant-appellants, John Jung, et al.
 {¶ 13} "II. At a minimum, the trial judge should have granted plaintiffs' motion for summary judgment with respect to the fees that had been improperly charged for the first failed E-checks."
 {¶ 14} Jung argues that the trial court erred when it denied his motion for summary judgment and instead granted summary judgment in favor of Envirotest. More specifically, he asserts that R.C. 3704.14, the statute which governs E-Check in the state of Ohio, does not authorized E-Check facilities to charge a fee for failed initial inspections or failed reinspections. He further asserts that the language of R.C. 3704.14 clearly prohibits such a practice, making summary judgment in favor of Envirotest improper.
 {¶ 15} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267.
 {¶ 16} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330,106 S.Ct. 2548, 91 L.Ed. 2d 265; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112,115, 526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,604 N.E.2d 138.
 {¶ 17} In Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas
(1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of therecord which demonstrate the absence of a genuine issue of fact ormaterial element of the nonmoving party's claim." Id. at 296. (Emphasis in original.) The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 18} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v.McFaul (1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24; Link v. LeadworksCorp. (1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140.
 {¶ 19} We do not agree with Jung's assertion that the trial court erred when it granted summary judgment in favor of Envirotest. The language of R.C. 3704.14 authorizes Envirotest and other E-Check facilities to charge a fee for all reinspections conducted subsequent to the first reinspection. R.C. 3704.14(D)(7) provides in pertinent part:
 {¶ 20} "The director of environmental protection shall establishinspection and reinspection fees to be paid by owners of motor vehicles inspected under this section, provided that an owner shall pay the inspection fee for the initial, annual, or biennial inspection, as appropriate, only if the owner's vehicle passes that inspection." (Emphasis added.)
 {¶ 21} R.C. Section 3704.14 (F)(1)(a) lends additional support by stating:
 {¶ 22} "If the owner's vehicle passes the inspection or any reinspection, the owner, at the time of the inspection or reinspection, shall pay the applicable fee established under division (D)(7) of this section."
 {¶ 23} The language of R.C. 3704.14 (D)(7), when evaluated in its entirety, gives Envirotest the authority to charge a fee for all inspections performed subsequent to the first reinspection. The first half of R.C. 3704.14 (D)(7), not only authorizes reinspection fees, but it distinguished between inspections and reinspections. It is clear that the term "inspections" refers to all initial inspections, while the term "reinspection" refers to all inspections that occur after the initial inspection. The second half of R.C. 3704.14(D)(7) provides that motor vehicle owners will only be assessed a fee for the first inspection if they pass that inspection. Otherwise, no fee will be assessed for the first failed inspection.
 {¶ 24} R.C. 3704.14 (F)(1)(a) also supports the notion that fees may be assessed for reinspections. It specifically states that fees may be charged for passing inspections or passing reinspections. The language of R.C. 3704.14 does not prohibit E-Check facilities from charging a fee for reinspections. To the contrary, the statute states that fees may be assessed for passing initial inspections andsubsequent reinspections.
 {¶ 25} In order for this court to grant summary judgment in favor of Jung, R.C. 3704.14 must specifically prohibit the assessment of fees for subsequent reinspections. Because R.C. 3704.14 clearly authorizes fees for reinspections, summary judgment in favor of Envirotest was proper. Therefore, the trial court did not err when it denied Jung's motion for summary judgment and instead granted summary judgment in favor of Envirotest. Accordingly, Jung's first and second assignments of error are overruled.
 {¶ 26} "III. The trial judge abused his discretion by denying plaintiff-appellants' motion for class certification as moot."
 {¶ 27} Jung argues that the trial court abused its discretion when it denied his motion for class certification as moot. He asserts that he met the class requirements pursuant to Civ.R. 23(A), thus, his class action lawsuit should be certified.
 {¶ 28} To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 50 OBR 481,450 N.E.2d 1140.
 {¶ 29} "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." State v. Jenkins (1984), 15 Ohio St.3d 164, 222, quoting Spalding v. Spalding (1959), 355 Mich. 382, 384-385. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Id.
 {¶ 30} We find no merit in Jung's argument that the trial court abused its discretion when it denied his motion for class certification as moot. The trial court determined that summary judgment in favor of Envirotest was proper, rendering Jung's motion moot. It would have been futile for the court to make a determination on the issue of class certification when it found that no genuine issue of material fact remained to be litigated. {¶ 31} We do not find that the trial court's actions were unreasonable, arbitrary, or unconscionable when it denied Jung's motion as moot. Accordingly, the trial court did not abuse its discretion, and Jung's third assignment of error is overruled.
 {¶ 32} Because this court has determined that summary judgment was proper in this instance, the appellee's cross-assignments of error [1]
are rendered moot for purposes of this appeal.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Appellee's two assignments of error:
"I. The trial court erred as a matter of law in failing to dismiss the complaint for lack of subject matter jurisdiction.
"II. The trial court erred as a matter of law in failing to dismiss Jung's complaint for lack of standing."
KENNETH A. ROCCO, J., and PATRICIA ANN BLACKMON, J., CONCUR