[Cite as *State v. Craig*, 2012-Ohio-1749.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97478

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL CRAIG

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-518877

**BEFORE:**  Celebrezze, P.J., Cooney, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**  April 19, 2012

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, Ohio   44113-2098


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Katherine Mullin
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellant, Michael Craig, brings the instant appeal claiming he should be granted a new trial based on the discovery of new evidence or, at the very least, a hearing on the issue. After a thorough review of the record and pertinent law, we affirm the trial court's denial of appellant's motion.

I. Factual and Procedural History

{¶2} The factual history underlying this case has previously been recounted by this court in *State v. Craig*, 8th Dist. No. 94455, 2011-Ohio-206, ¶ 2-9. Appellant's convictions stem from a home invasion. He was found guilty of aggravated burglary, felonious assault, aggravated robbery, kidnapping, and having a weapon while under disability, for which he received an aggregate 33-year prison sentence. This factual history provides the background for appellant's present appeal, where he alleges that newly discovered evidence requires a new trial.

{¶3} After appellant's convictions were affirmed on appeal, he filed a motion for leave to file a motion for a new trial on August 31, 2011. Attached were several affidavits of family members attesting that appellant was in New York around the time the crimes were committed. The trial court reviewed the motion and the state's response and, without holding a hearing, denied it on October 4, 2011. The trial court found that appellant had not demonstrated that he was unavoidably prevented from discovering this evidence.

**{¶4}** Appellant then timely perfected the instant appeal, raising one assignment of error — that he "was denied due process of law when the court, without a hearing, overruled [his] motion for leave to file a motion for a new trial based on newly discovered evidence."

## II. Law and Analysis

### A. Newly Discovered Evidence

**{¶5}** A motion for a new trial is governed by Crim.R. 33, and the decision to grant or deny such a motion is within the sound discretion of the trial court. *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 82. To constitute an abuse of discretion, the ruling must be unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). "'The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations.'" *State v. Jenkins*, 15 Ohio St.3d 164, 222, 473 N.E.2d 264 (1984), quoting *Spalding v. Spalding*, 355 Mich. 382, 384-385, 94 N.W.2d 810 (1959).

**{¶6}** Specifically, appellant based his motion on Crim.R. 33(A)(6), which allows a petitioner a new trial "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." However, the rule goes further to require "affidavits of the witnesses by whom such evidence is expected to be given[.]" Where a motion based on newly discovered evidence is made more than 120 days after the verdict or finding of guilt, as it was in this

case, then petitioners must demonstrate by clear and convincing evidence that they were unaviodably prevented from discovering the new evidence. Crim.R. 33(B).[1]

{¶7} Here, appellant's new evidence consists of the affidavits of his family members claiming he was in New York state around the time the crimes were committed. Nothing in his motion indicates why these statements were not available at the time of trial. The trial court found,

> it strains credibility to the breaking point to believe that the defendant in this case was unavoidably prevented, as required by the rule, from discovering that he was not only not present at the scene of the crime, but was not even in the state of Ohio, on the date that the criminal acts for which he was found guilty were committed.

{¶8} Appellant would have known at the time of his trial who saw him in New York on the date of the crimes and would not have been unavoidably detained from subpoenaing his own family members. Just as the trial court found, appellant's motion does not set forth sufficient grounds to warrant a hearing where he completely fails to demonstrate how he was unavoidably prevented from finding these alibi witnesses, all of whom were members of his family.

{¶9} Even if appellant was able to demonstrate that he was unavoidably prevented from discovering these particular witnesses, his motion still fails to necessitate a hearing because this same evidence was presented at trial. The Ohio Supreme Court has set forth the relevant factors that such a motion should be premised upon.

---

[1] They must also seek leave to file a motion, which is what appellant did in this case.

To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. *Id*. at the syllabus. *State v. Petro*, 148 Ohio St. 505, 76 N.E.2d 370 (1947).

**{¶10}** Newly discovered evidence must be novel, not merely cumulative of other evidence presented at trial. *Id*.

**{¶11}** Here, Cherrie Gilyard, appellant's grandmother, testified at trial that appellant was in New York from July 14, 2008 until the end of November 2008. The affidavits attached to appellant's motion for leave to file a motion for new trial aver that appellant was in New York, staying at Mrs. Gilyard's house or appellant's mother's house, from approximately July 1, 2008 to November 29, 2008. Therefore, the affidavits attached to appellant's motion are merely cumulative, not new evidence.

## III. Conclusion

**{¶12}** The evidence appellant claims is newly discovered was either known to him at the time of trial or could have been found. Also, the evidence is duplicative of testimony presented at trial. Therefore, appellant's motion for leave to file a motion for a new trial was properly denied by the trial court without a hearing.

**{¶13}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
EILEEN A. GALLAGHER, J., CONCUR